██ Yeong Sun Koo et al., Appellants, v Cheng Jin Dai, Respondent. [993 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Strauss, J.), entered May 28, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiffs, Yeong Sun Koo and Chae Hong Chung, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to Yeong Sun Koo's spine and left shoulder, and the alleged injuries to Chae Hong Chung's spine and right shoulder, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, Yeong Sun Koo raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine and to her left shoulder, and Chae Hong Chung raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine and to his right shoulder (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.